# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| WILLIAM HOPSON,<br><br>PLAINTIFF,<br><br>v.<br><br>AMERICAN TIRE DEPOT, INC., et al.,<br><br>DEFENDANTS. | Case No.: 1:17-cv-880-LJO-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND CONTINUING SCHEDULING CONFERENCE TO DECEMBER 20, 2017<br><br>FIVE DAY DEADLINE |

On July 4, 2017, Plaintiff William Hopson filed this action alleging violations the Americans with Disabilities Act of 1990 and state law. (ECF No. 1.) On July 5, 2017, the summonses and new case documents issued. (ECF Nos. 3, 4, 5.) The mandatory scheduling conference was set for September 26, 2017. (ECF No. 5.) Pursuant to the order setting the mandatory scheduling conference, Plaintiff was to diligently pursue service of the summons and complaint on the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure and promptly file proofs of service of the the summons and complaint. (Order Setting Mandatory Scheduling Conference at 1.) The parties were also required to file a joint scheduling report "one (1) full week prior to the Scheduling Conference." (Id. at 2.)

Plaintiff did not file notice of service of the summonses and complaint or file a joint

scheduling conference prior to the scheduling conference as ordered. On September 20, 2017, an order issued requiring Plaintiff to show cause why sanctions should not issue for the failure to comply with the July 5, 2017 order. (ECF No. 7.) On September 21, 2017, Plaintiff filed a request for continuance of the Rule 26 conference to allow Plaintiff to finalize service of process. (ECF No. 8.)

On September 21, 2017, the Court discharged the order to show cause and granted the request to continue the scheduling conference. (ECF No. 9.) In discharging the order to show cause, the Court noted that Plaintiff had not responded to the order to show cause. (Id. at 1:20-21.) The order further stated

> counsel for Plaintiff is advised that orders are not mere suggestions to which the party may choose to respond. When the Court issues an order requiring an act by a date certain, the party is required to act. Counsel Daniel Joseph Malakauskas is hereby provided with notice that should there be future failures to respond to orders of this Court, monetary sanctions will issue without further notice.

(Id. at 1:25-2:2.) The order noted that this would "constitute prior notice for the imposition of future monetary sanctions for failure to comply with orders of this Court." (Id. at 2:10-12.)

Rule 4(m) of the Federal Rules of Civil Procedure provides that

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff was ordered to serve the complaint in compliance with Rule 4 and promptly file a proof of service. Plaintiff has not filed proof of service of the summonses in this action. The complaint in this action was filed on July 4, 2017. (ECF No. 1.) More than ninety days have passed and Plaintiff has not demonstrated that the complaint has been served in compliance with Rule 4(m).

Further, pursuant to the scheduling order and the September 21, 2017 order, Plaintiff's joint scheduling report was due on November 14, 2017. The parties have not filed a joint scheduling report, nor has Plaintiff requested a further continuance of the scheduling conference.

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for

2

imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within five (5) days from the date of entry of this order, Plaintiff shall show cause in writing why this action should not be dismissed for failure to comply with the orders issued in this action and for failure to timely serve the summonses and complaint in compliance with Rule 4(m) of the Federal Rules of Civil Procedure;

2. The scheduling conference set for November 21, 2017, is continued to December 20, 2017, at 3:30 p.m. in Courtroom 9; and

3. The parties shall file a joint scheduling report a full seven (7) days prior to the scheduling conference.

IT IS SO ORDERED.

Dated: **November 16, 2017**

UNITED STATES MAGISTRATE JUDGE